### UNITED STATES v. REYNOLDS.

(District Court, S. D. Alabama, S. D.   March 13, 1914.)

#### No. 4086.

SLAVES (§ 24*)—PEONAGE—INDICTMENT.

> An indictment for peonage in holding a convict to labor to pay a fine and costs for which defendant had become surety, failing to allege that the convict ever entered upon the performance of .the service for the surety, or did any work or labor as agreed, or was ever in the surety's custody or control, was fatally defective.

> [Ed. Note.—For other cases, see Slaves, Cent. Dig. § 113; Dec. Dig. § 24.*]

J. A. Reynolds was indicted for peonage. On demurrer to special plea. Overruled.

O. D. Street, Sp. Asst. U. S. Atty., of Guntersville, Ala., and Alex. D. Pitts, U. S. Atty., of Mobile, Ala., for the United States.

F. W. Hare and John McDuffie, both of Monroeville, Ala., for defendant.

John McDuffie, of Monroeville, Ala., and Wm. L. Martin, Asst. Atty. Gen. for State of Alabama.

TOULMIN, District Judge. This case is submitted on the indictment and a special plea setting up certain facts as those constituting the defense in the case, and reciting in connection therewith certain statutes of the state of Alabama, being sections 6846, 6847, and others, Code Ala. 1907.

The facts averred are substantially the same as those found by the court to exist in the case of the United States v. Broughton, 213 Fed. 345, this day decided by this court. The allegations of fact in the

two indictments are substantially the same, with the exception that the convict Rivers, on his conviction by the court for failing and refusing to work and labor under the direction of said Reynolds, to pay the fine and costs imposed on him for larceny and for which Reynolds was his surety, was sentenced to pay a fine and costs in the last conviction, and that he confessed judgment with surety for said fine and costs, and then and there agreed to work and labor for said surety to pay said fine and costs. There is no allegation that said Rivers ever entered upon the performance of said service, or did any work or labor as agreed on, or was ever in the custody or under the control of his said surety.

Considering and treating the objections filed by the United States attorneys to said plea in bar as demurrers to the same, the court overrules said demurrers.

The court finds on the facts, and the law applicable thereto, that the defendant is not guilty as charged in the indictment. For a fuller expression of the views of the court in this case, I refer to the opinion in United States v. Broughton, this day filed.